JAMES H. SMITH, RESPONDENT, v. DAVID WALDORF, APPELLANT.

*Animals trespassing on lands of person, other than their owner — rights of owner of land to drive them off with dogs.*

APPEAL from a judgment of the Otsego County Court, affirming a judgment of a justice of the peace in favor of plaintiff for fifty dollars damages and costs.

The plaintiff in his complaint claimed to recover the value of a cow, which he alleged was killed by the wrongful and illegal acts of the plaintiff.

This cow had been trespassing on the plaintiff's lands. The plaintiff found the cow lying injured a few feet from the fence separating the lands of the parties, but on his, plaintiff's, side of the fence. She was badly injured, and in a few days thereafter died. The testimony showed that this injury was occasioned in the attempt made by the cow to jump over the division fence in a bad place, and in falling in the place where she was found by the plaintiff. There were no marks upon her indicating that she was bitten or injured by a dog. There were no marks to indicate any bite whatever, and the only evidence there was to warrant a recovery was that the defendant, finding this cow with two or three other animals belonging to plaintiff trespassing upon his lands, set his dog after

them. There was no pretense that the dog did any thing more than to run after and bark at them. In her fright this cow jumped over the fence at a somewhat dangerous point, and received in consequence thereof these injuries. The other animals escaped in another direction and were unharmed.

The court at General Term said: "It seems to us entirely clear that there was no evidence in the case to warrant a recovery for the value of the cow; indeed, no evidence to warrant its submission to the jury in the Justice's Court. The justice should have granted the motion to strike out all the evidence in reference to this cow, and his refusal to do so is error. There was no evidence that the defendant did any thing which he could not legally do in removing from his premises a trespassing animal. To accomplish this object he had the right to call to his aid a dog, as he did in this case. If the owner of the land should urge on to a trespassing animal an ugly and vicious dog, which should unreasonably and unnecessarily bite and lacerate such animal, he might be liable; but that is not this case. There is no evidence that the dog touched the cow at all. Indeed, the positive evidence is that the dog was, at all times, at a considerable distance from the animal. (Sherman & Redfield on Negligence, § 200; 1 Hilliard on Torts, 145; 1 Addison on Torts, 480.)

The injury to this cow was clearly the result of an accident and not of any unlawful or negligent act of the defendant. He is no more liable than if the cow had fallen into a pit while trespassing on his lands; or, as in the case of *Bush* v. *Brainard,* had drunk maple syrup and died, which defendant had negligently left in an open place. (1 Cow., 78.)"

*Countryman & Bowen,* for the appellant. *Lynes & Van Horn,* for the respondent.

Opinion by OSBORN, J.; LEARNED, P. J., and BOCKES, J., concurred.

Judgment reversed, with costs.